IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01203-CMA-MJW

RONALD PLUMMER,

Plaintiff,

v.

LISA MCDERMOTT,
DAVID ALLRED, and
BRAD CINK,

Defendants.

---

**RECOMMENDATION THAT FEDERAL BUREAU OF PRISONS' MOTION TO RECONSIDER GRANTING PLAINTIFF *IN FORMA PAUPERIS* STATUS AND MOTION FOR EXTENSION OF TIME BE DENIED**
**(Docket No. 32)**

**and**

**ORDER DENYING DEFENDANTS' MOTION FOR SECOND EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**
**(Docket No. 37)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Ronald Plummer has sued Defendants—employees of the Federal Bureau of Prisons ("BOP")—three times in this court in the past year. He has been granted *in forma pauperis* ("IFP") status all three times (Docket No. 5, for this case). He also sued BOP officials twice in in the U.S. District Court for the Western District of Louisiana. BOP has intervened in this case to ask that Plummer's right to proceed IFP be revoked under 28 U.S.C. § 1915(g). The Court recommends that this motion be denied.

Case 1:14-cv-01203-CMA-MJW Document 39 Filed 09/23/14 USDC Colorado Page 2 of 9

2

Relatedly, Defendants have moved that their deadline to respond to Plummer's Complaint be extended until the IFP motion is resolved. The Court denies this motion.

## **Background**

The two cases Plummer filed in the Western District of Louisiana were dismissed for being frivolous and failing to state a claim, under 28 U.S.C. § 1915(e)(2) (*see* Docket No. 37, Attachments 1 & 2).

The three suits in this District are docketed under Case Numbers 13-cv-00440-CMA-MJW, 13-cv-02613-LTB, and (this case) 14-cv-01203-CMA-MJW. All three cases present substantially identical claims—that BOP employees were deliberately indifferent to Plummer's repeated complaints of pain caused by a hernia, in violation of the Eight Amendment. The relevant procedural histories from those cases are:

- In Case Number 13-cv-00440-CMA-MJW, Senior Judge Lewis T. Babcock dismissed the case as to three out of four defendants for failing to state a claim. The claims against the remaining four defendants—including the three Defendants here—survived the Court's summary review under Local Civil Rule 8.1; later, the Court dismissed those claims for failure to exhaust administrative remedies on the defendants' motion for summary judgment.

- In Case Number 13-cv-02613-LTB, Judge Arguello dismissed the case as duplicative. According to Plummer's response to the Order to Show Cause issued in that case, he had re-filed after exhausting his administrative remedies. Judge Arguello explained that, because the government's motion for summary judgment based on lack of exhaustion plaintiff's remedy in 13-cv-00440 had not been decided, Plummer's remedy was to await the outcome there and *then* re-file if need be.

- In this case, Case Number 14-cv-01203-CMA-MJW, Plummer has done as Judge Arguello directed him to do—re-file his action now that *both* (1) he has exhausted administrative remedies, and (2) the first-filed case has been resolved on those grounds.

3

In light of the foregoing litigation history, BOP moves to revoke Plummer's right to proceed IFP under 28 U.S.C. § 1915(g).

Defendants have not yet responded to Plummer's Complaint in this case. On July 22, 2014, they moved for an extension on the ground that the Department of Justice had not yet authorized representation for them in their individual capacity. The Court granted Defendants' request for a two-month extension. Then, on August 27, 2014, Defendants moved to vacate the scheduling conference on the ground that they intended to raise a defense of qualified immunity. The Court granted the motion, but ordered Defendants, by September 22, 2014, either to file their responsive pleading raising such a defense or to show cause why the scheduling conference should not be re-set. Defendants have not responded to the Court's show cause order, nor yet raised a defense of qualified immunity. Instead, they have moved for a second extension of time—based on the unresolved motion to revoke Plummer's IFP status.

## Analysis

### I.   Plummer Has Not Accrued Three Strikes

The Court notes as a preliminary matter that, although the motion to revoke IFP status was filed by counsel for Defendants, it is captioned as a motion by BOP—an entity that is not a party to this case, as all Defendants are sued in their individual capacity. Nonetheless, the Court finds permissive intervention is appropriate for the limited purpose of resolving Plummer's status under 28 U.S.C. § 1915(g). *See* Fed. R. Civ. P. 24(b); *see also Kane Cnty., Utah v. U.S.*, 597 F.3d 1129, 1135 (10th Cir. 2010)

4

(stating that the "grant of permissive intervention lies within the discretion of the district court").

The Tenth Circuit has explained Congress's reasons behind limiting IFP status:

> The federal IFP statute is intended to open the federal courts to indigent litigants. However, because 28 U.S.C. § 1915(a) allows indigent litigants to commence lawsuits without prepayment of fees or costs—and thereby hazards abusive litigation—Congress also provided for the sua sponte dismissal of "frivolous or malicious" suits under § 1915(e)(2)(B)(i). Likewise, § 1915(e)(2)(B)(ii) provides for dismissal "at any time if the court determines that" the suit "fails to state a claim on which relief may be granted." A suit "is frivolous where it lacks an arguable basis either in law or fact."

*Banks v. U.S. Marshal*, 274 F. App'x 631, 633–34 (10th Cir. 2008) (internal case citations removed). Further, the statute creates a "three strikes and you're out" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As a result, every dismissal under § 1915(e)(2)(B) constitutes a "strike," and prisoners with three strikes are barred from proceeding pro se unless they are in imminent danger of serious physical injury.

In determining whether a dismissal counts as a strike, it is irrelevant whether the dismissal specifically states that it was based on § 1915(e)(2)(B), or whether it was with or without prejudice; it is the substantive grounds for the dismissal that matters. *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *cf. Blakely v. Wards*, 738 F.3d 607, 610–13 (4th Cir. 2013) (en banc) (statute sometimes applies to dismissals at summary

judgment stage). Further, dismissals based on at least some affirmative defenses amount to failures to state claims and, thus, are strikes. *Smith v. Veterans Administration*, 636 F.3d 1306, 1311–14 (10th Cir. 2011) (claims dismissed as premature under *Heck v. Humphrey*, 512 U.S. 477 (1994), count as strikes).

Here, there can be no dispute that the two cases Plummer filed in the Western District of Louisiana count as strikes. The question is whether he has accrued a third strike in this District. The Court concludes that he has not.

In Plummer's first suit, Case Number 13-cv-00440-CMA-MJW, some claims were dismissed at a pre-screening stage for failure to state a claim, and the remaining claims were later dismissed at the summary judgment stage for failure to exhaust administrative remedies. Although it is not clear that the Tenth Circuit would count dismissals made at the summary-judgment stage as strikes, the point need not be decided here—because it appears the Tenth Circuit would not assess a strike anyway. In a similar context, the Tenth Circuit has applied the following reasoning:

> Because the statute refers to dismissals of "*actions*," as opposed to "*claims*," it is well established that a partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not a proper basis for assessing a strike. But in a persuasive decision, the Sixth Circuit has held that a strike can properly be assessed under § 1915(g) when, as occurred [here], the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative remedies, and no claims are allowed to proceed on the merits. *See Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir.2007) ("[W]e hold that where a complaint is dismissed in part ... for failure to exhaust administrative remedies and in part ... because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)."). . . .

> We are persuaded by the Sixth Circuit's reasoning in *Pointer*, and we thus conclude that plaintiff has a third strike based on the district court's partial dismissal of two counts for failure to state a claim . . . .  First, as in Pointer, none of the unexhausted claims . . . "were found to have merit or to state a claim." *Pointer*, 502 F.3d at 374.  Instead, they were in effect a nullity due to the failure to exhaust.  Second, "the congressional purpose of § 1915(g) would be subverted if, by adding unexhausted claims to a complaint that otherwise does not state a claim upon which relief may be granted, a prisoner could repeatedly escape imposition of a strike and thus evade the bar imposed by the three-strikes rule." *Id.* . . .

*Thomas v. Parker*, 672 F.3d 1182, 1183–84 (10th Cir. 2012) (some internal citations omitted).  The Tenth Circuit therefore adopted the Sixth Circuit's reasoning in *Pointer v. Wilkinson*.  Accordingly, cases that end like Case Number 13-cv-00440-CMA-MJW did generally count as strikes.  But the analysis does not end there—because the *Pointer* case included an exception to that general rule:

> In such a context, we adopt a simpler approach: if a complaint is dismissed in part for failure to exhaust and in part for failure to state a claim or other grounds stated in § 1915(g), the dismissal is a strike, *at least insofar as the new suit does not simply re-file previously non-exhausted claims.*

502 F.3d 369, 376 (6th Cir. 2007) (emphasis added).  That exception was not discussed by the Tenth Circuit in *Thomas v. Parker*, but there is nothing in the Tenth Circuit's opinion suggesting that it adopted only *some* of the Sixth Circuit's reasoning.  As a result, because this case "simply re-file[s] previously non-exhausted claims," the rule from *Pointer*/*Thomas* does not apply, and Case Number 13-cv-00440-CMA-MJW is not a strike under § 1915(g).

The Court also finds that the second filed case—Case Number 13-cv-02613-LTB, which was dismissed as duplicative—is not a strike.  Plummer apparently

recognized that he failed to exhaust his administrative remedies.  He filed a new suit, but did so before the Court had finally resolved his first suit.  This is not malicious or frivolous conduct, and Judge Arguello did not find it such in her dismissal order.  Further, Plummer is entitled to a little latitude as a pro se plaintiff, and an attempt to cure his first lawsuit with a second filing is not wholly unreasonable.  After all, filing a new suit is exactly what Judge Arguello advised Plummer to do, in the dismissal order under Case Number 13-cv-02613-LTB; Plummer simply moved quicker than the Court did.

Finally, BOP argues that dismissal of this case is independently appropriate under the Court's inherent authority to sanction litigants.  As support for the argument, BOP states that Plummer failed to be candid with the Court about his litigation history:

> Plaintiff failed to inform the Court regarding all of his other lawsuits, and has only listed three prior cases.  *See* Complaint, Doc. 1 at p. 12.

(Docket No. 32, ¶¶ 10–12).  BOP is mistaken.  The Complaint, at pages 11–12, lists all *four* previous lawsuits.

Accordingly, the Court finds that Plummer has only two strikes against him under 28 U.S.C. § 1915(g) and that he has not misrepresented his status under that statute.

An order denying IFP status, which BOP seeks in this motion, is treated as dispositive for purposes of magistrate jurisdiction.  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  Accordingly, the Court RECOMMENDS that BOP's motion be DENIED.

## II.     Defendants Shall File an Answer or Other Response by September 29, 2014

Defendants have twice extended the proceedings in this case.  In July, they were given two additional months to file a response because the Department of Justice had not approved representation for them.  That approval was apparently procured, because Defendants made no mention of it in their August motion to vacate the scheduling conference; the August motion was based solely on Defendant's intent to raise a qualified-immunity defense by September 22nd.

Defendants did not file any response or otherwise respond the Court's order to show cause, except to move for an extension of time until the IFP issue is resolved.  Although the IFP motion itself included a request for an extension of time, that motion was not a motion by Defendants—it was a motion by BOP.

Moreover, Defendants already have their argument drafted—they filed a motion to dismiss, including a qualified-immunity argument, in Case Number 13-cv-00440-CMA-MJW over one year ago.  The Court sees no reason why a response raising qualified immunity should not have been filed by September 22, 2014.

Accordingly, Defendants' motion is DENIED.  As the deadline has already passed, the Court ORDERS that Defendants shall file a response no later than September 29, 2014.

## Conclusion

**WHEREFORE**, based on the foregoing findings of fact and conclusions of law, this Court **RECOMMENDS** that the Bureau of Prisons be allowed to intervene for the

limited purpose of presenting its motion, but that Federal Bureau Of Prisons' Motion To Reconsider Granting Plaintiff *In Forma Pauperis* Status And Motion For Extension Of Time (Docket No. 32) be DENIED; and

**WHEREFORE**, based on the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion For Second Extension Of Time To Respond To Plaintiff's Complaint (Docket No. 37) is DENIED.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated this 23rd day of September, 2014.

                                    BY THE COURT:

                                    /s/ Michael J. Watanabe
                                    MICHAEL J. WATANABE
                                    United States Magistrate Judge